United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
August 03, 2020
David J. Bradley, Clerk

| | |
|---|---|
| Annie Melvina Antoine, § § Plaintiff, § § versus § § Nancy A. Berryhill, § § Defendant. § | Civil Action H-18-2794 |

# Opinion on Summary Judgment

1. *Introduction.*

   The question is whether substantial evidence supports the commissioner's decision that Annie Melvina Antoine is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

   Judicial review is limited to determining whether the commissioner's decision is supported by substantial evidence. In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree, but those where governmental regularity has lapsed into an exercise of mere will.

   A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary.

3.  *Statutory Criteria.*

The Social Security Act gives disability benefits to people that have a physical or mental disability.

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months.[1] Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity.[2]

The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the administrative law judge must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe.[3] It is not necessary to evaluate Antoine's case beyond this step because her impairments were not severe.

4.  *Background.*

Antoine worked at a daycare until she was laid-off in 2011. Antoine says she has been disabled since July 7, 2011. Her complaints are high blood pressure, general pain, depression, and fibromyalgia.

The administrative law judge found that Antoine did not engage in substantial gainful activity from the date she claims she was disabled. The reviewing officer then concluded that she did not qualify for benefits because (a) the fibromyalgia was not a medically determinable impairment, and (b) the pain

---

[1] 42 U.S.C. § 423(d)(1)(A).

[2] 42 U.S.C. § 423(d)(2)(A).

[3] 20 C.F.R. §§ 404.1520(a)(4).

in her foot, leg, hip, and hand and depression were not severe enough to limit her ability to work.

Antoine moved for summary judgment arguing that (a) fibromyalgia is a medically determinable impairment and (b) her impairments – separate or combined – are severe.

5. *Evidence.*

While Antoine's complaints were medically determinable, none of them were severe enough to render her disabled.

### A. *Fibromyalgia.*

To establish that her fibromayalgia qualifies her for disability benefits, Antoine would have to show that she experienced pain in all quadrants of her body for more than three months.

Assuming that her doctor correctly diagnosed her with fibromyalgia in July 2016, it was medically determinable. This leaves only the severity in question.

None of her complaints lasted longer than three months. In each instance, her pain was either resolved or it was not reported for longer than three months. She was successfully managing her symptoms with medication. While she did report consistent foot pain, it improved when the fracture healed. Antoine's medical record does not support a claim for disability based on fibromayalgia.

### B. *Foot Pain.*

In March 2011, Antoine fell over a chair. She told her doctor that her foot and back hurt from the fall; he put her in a walking boot, gave her exercises, and recommended weight loss. She was five feet, six inches tall and weighed 255

pounds. No evidence suggests that she attempted to lose weight. At the return visit, Antoine said her back pain was gone and that her foot had improved.

Her foot pain came back in 2012. An MRI showed that her fracture had not healed. She had had surgery in July 2012 – after surgery she reported that she had minimal pain and x-rays showed the fractures were healing.

She continued to complain of foot pain in 2013. Her doctor did a CT scan that showed the fractures were almost completely healed. Antoine never sought another physician's opinion. She was not taking any pain medication besides Aleve.

Between 2014 and 2016, her foot was examined several times and each time the doctor said it was normal with full range of motion and no point tenderness. No evidence indicates that the foot pain continued, much less that it was severe enough to warrant being classed as a disability. Antoine's doctors told her that she could work with no restrictions.

C. *Other Physical Pain.*

Antoine's high blood pressure, left foot, leg, hip, and hand pain all qualify as medically determinable impairments. The reviewing officer evaluated whether these impairments were severe enough to prevent her from engaging in substantial gainful activity. The reviewing officer found that she could.

Antoine was still able to function despite her sporadic complaints of pain. She reported that she could do exercises and chores, maintain personal hygiene, prepare meals, do errands, shop, drive and go out alone. Her symptoms could be managed with medication and weight loss, which her doctors had recommended. Her doctors also confirmed that she could work, which further undermines her claim for disability. Antoine's impairments or a combination of them did not limit her ability to work.

D. *Depression.*

Depression is medically determinable mental impairment if it causes significant functional limitations. The reviewing officer determined that Antoine experienced mild limitations.

Antoine was diagnosed with depression in April 2016. She started taking an antidepressant and reported that she felt stable in November 2016. In 2017, Antoine denied having active depression. The records do not show evidence of continuing mental health treatment. She cannot claim that depression is a medical impairment because it has been resolved. It was not even severe enough to qualify originally.

6. *Conclusion.*

The decision of the commissioner denying Annie Melvina Antoine's claim for disability insurance benefits is supported by substantial evidence and will be affirmed.

Signed on July 31, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge